BERTHA M. HOSTETTER

*v.*

BELLA MERRICK et al.

[Submitted November 24th, 1920. Determined November 30th, 1920.]

1. It is a well-recognized duty of a court of equity to decree specific performance by a vendor with an abatement from the purchase price by reason of deficiency in the quantity of land contracted for.

2. Where the sale was of an hotel property, enclosed by fences on the true line, specific performance will not be granted with an abatement for deficiency because the vendor's description erroneously described the land, the dimensions of the lot not affecting the price in the slightest degree.

On final hearing on bill for specific performance.

*Mr. Morris Bloom* (with whom was associated *Mr. Ulysses G. Styron*), for the complainant.

*Mr. Clarence L. Cole,* for the defendant Bella Merrick.

*Messrs. Schwinghammer & Repetto,* for the defendant Elizabeth Goodwin.

LEAMING, V. C.

This is a suit for the specific performance of a written contract for the sale of real estate. Complainant, as vendee, seeks a decree against vendor with an equitable abatement from the purchase price by reason of the vendor's inability to convey all the land embraced within the boundaries as described in the agreement of sale.

The description contained in the agreement is as follows:

"All the lot, tract or parcel of land and premises hereinafter particularly described, situate, lying and being in the city of Atlantic City, in the county of Atlantic and State of New Jersey, being premises situate at and known as No. 1510 Pacific avenue, the said lot being thirty-four and one-half feet front on Pacific avenue and of that width one hundred feet in depth."

The property owned by vendor is No. 1510 Pacific avenue, but is only thirty-four feet in frontage on Pacific avenue. It is one hundred feet six inches in depth on its westerly side boundary line and one hundred feet in depth on its easterly side boundary. These two side boundary lines of the lot also converge so that the rear or southerly boundary line of the lot is but thirty and forty-two hundredths feet. It is by reason of this deficiency in the superficial area of the lot that the vendee seeks as a part of a decree of specific performance compensation by way of abatement from the purchase price.

There is on the lot a three-story frame hotel building; the contract price is $23,000, which price includes the furniture and fixtures in the building. The hotel is within the true boun-

daries of the lot, and the lot is fenced on its true rear and side lines.

It is a well-recognized duty of a court of equity to decree specific performance by a vendor of a contract of this nature with an abatement from the purchase price by reason of deficiency in the quantity of land contracted for, and, essentially the same relief is frequently administered in the foreclosure of a purchase-money mortgage when deficiency in quantity of the land sold has been ascertained. But I think no case of either class is to be found in which relief has been given for deficiency in quantity of land in the absence of fraud unless it has satisfactorily appeared that the element of quantity of land was of the essence of the contract. Where a sale is by the acre or other unit of superficial contents, and a substantial mistake has been made touching the area, a vendee may be equitably awarded appropriate compensation for deficiency in quantity, or where the mistake in quantity is so gross that it is clear the purchaser would not have contracted had he known the mistake, like relief may be awarded; but where from all the circumstances of the case it is clear that the sale was in gross, and that the purchaser was not in fact influenced in the price he agreed to pay by any mistake touching area, there is obviously no equitable ground for abatement from the purchase price. On the contrary, in such circumstances, an abatement from the purchase price would be clearly inequitable. Recognition of these principles will be found in *Weart* v. *Rose, 16 N. J. Eq. 290, 298; Melick* v. *Dayton, 34 N. J. Eq. 245, 250; McMichael* v. *Webster, 54 N. J. Eq. 478, 492; Straus* v. *Morris, 78 N. J. Eq. 488, 494.*

In the present case the evidence adequately discloses that the error contained in the agreement of sale touching the dimensions of the lots arose from the parties depending on the memory of the vendor touching the dimensions of the lot at the time the contract was being typewritten. Prior to that time the property had been inspected on behalf of the vendee and the purchase price had been agreed upon, but while the contract was being typewritten to embody the terms thus agreed upon the vendor was called upon to supply the necessary description; not having her title-papers she supplied the description from memory and

it was inserted in the agreement as she supplied it. She, accordingly, made the error which is now found in the written contract of sale, but did so innocently, and from the evidence it is entirely clear that the error thus made in the dimensions of the lot did not in the slightest degree influence the price which
• the vendee agreed to pay. In these circumstances it would be clearly inequitable to award to the vendee compensation for the error which in no way influenced her engagements.

I will advise a decree denying the relief sought.